WARD, Judge.
Phil Begue, a licensed real estate broker d/b/a French Quarter Realty sued Frank S. Bruno for payment of a real estate commission. The Trial Court awarded Begue $500.00 plus interest and costs. Begue appeals, assigning error to the Trial Court’s quantum award contending the amount due is $1,440.00. We affirm the ruling of the Trial Court.
Bruno owned an apartment complex on Decatur Street. He contends he orally agreed to pay a commission of lh the first month’s rent for every tenant Begue procured for the complex. Begue introduced a prospective tenant to Bruno and asked that Bruno show the tenant one of the apartments as Begue had another appointment and was unable to do so. Bruno showed the apartment and approximately 10 days after this meeting, the tenant contacted *1385 Bruno to negotiate the terms of a lease. Ultimately, the tenant and Bruno signed a 24 month lease on two apartments to be used as an office for a total monthly rental of $1,000.00. After this introduction, Be-gue made no other attempt to contact the tenant until after the tenant moved into the complex.
After the lease was signed, Bruno sent Begue a commission check. Begue returned the check contending the amount was insufficient. Begue filed suit seeking $1,440.00.
Begue testified that on the day he introduced Bruno to the tenant, he told Bruno his commission in this instance was the standard commercial lease commission, 6% of the rent for the term of the lease. Bruno claims Begue never told him this and he testified that in previous dealings with Be-gue, the commission was always lk of the first month’s rent. Moreover, Bruno contends that in addition to procuring a tenant, Begue had to provide services to earn the commission as he had done in the past. Begue had to obtain a financial statement, background information, the first month’s rent, a deposit and prepare the lease for Bruno’s acceptance. Begue admits he provided none of these services in this instance, but contends he was prevented from doing so because Bruno dealt directly with the tenant instead of allowing Begue to represent his “client.”
The only testimony at trial was that of the parties, and it was contradictory. The Trial Court heard the testimony, observed the parties, and concluded Begue was only due ⅝ of the first month’s rent. The Trial Judge’s finding of fact favorable to Bruno is supported by the record and in the absence of manifest error, we will not disturb that finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The judgment of the Trial Court is affirmed; all costs of this appeal are assessed to Begue.
AFFIRMED.